| | |
|---|---|
| LOUIE ABDILNOUR,<br><br>           Plaintiff,<br><br>vs.<br><br>BLUE CROSS OF IDAHO HEALTH SERVICE, INC., an Idaho insurance corporation,<br><br>           Defendant. | Case No. 1:17-cv-00412-DWM<br><br>ORDER |

### INTRODUCTION

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). The plaintiff, Louie Abdilnour, is a resident of North Dakota who was insured under his employer's ERISA-qualified healthcare plan. That plan was administered by the defendant, Blue Cross Blue Shield of Idaho ("Idaho Blue Cross"). While insured, Abdilnour was twice taken by air ambulance from one North Dakota hospital to another. Idaho Blue Cross paid a small portion of the costs of these flights but determined Abdilnour owed the remainder. Abdilnour has exhausted his administrative remedies and seeks full payment of the costs of the flights and an award of attorneys' fees and costs. On the present motions, Idaho Blue Cross's seeks a protective order for documents related to Blue Cross Blue Shield of North Dakota ("North Dakota Blue Cross"), (Doc. 45), and Abdilnour seeks the production of documents from Idaho

1

Blue Cross, (Doc. 48). For the reasons explained below, Idaho Blue Cross's motion for a protective order is denied and Abdilnour's motion to compel is granted. Having reviewed the briefs, oral argument on the motions is not necessary.

## BACKGROUND

### I. Factual Background

Abdilnour was employed by Albertsons, LLC, and insured under the Albertson's LLC Health & Welfare Plan ("the Plan"). (Doc. 36 at ¶ 3(a).) It is undisputed that the Plan is an ERISA-qualified healthcare plan, (Doc. 37 at ¶ 4; Doc. 44 at ¶ 4), but the parties dispute whether the terms of the Plan provided Abdilnour with "full medical coverage," (Doc. 44 at ¶ 4). Idaho Blue Cross is an employee welfare benefit insurer and fiduciary operating in Idaho. (Doc. 36 at ¶ 3(b).)

On April 3, 2015, Abdilnour was admitted to the hospital in Williston, North Dakota as a result of medical distress. (Doc. 37 at ¶ 11.) An air ambulance took Abdilnour to the hospital in Bismarck, North Dakota, where he was treated. (*Id.* at ¶¶ 15–16.) On May 7, 2015, Abdilnour again experienced medical distress and was again admitted to the Williston hospital. (*Id.* at ¶¶ 18–19.) An air ambulance then took Abdilnour to the hospital in Sanford for treatment. (*Id.* at ¶¶ 21–22.)

Abdilnour subsequently received Explanation of Benefit Statements ("EOBs") regarding the air ambulance transports. (Doc. 36 at ¶ 3(e).) According to Abdilnour, the EOBs indicated that Idaho Blue Cross would pay very little of the transportation costs because the air ambulance provider was not "in network." (Doc. 37 at ¶¶ 24–25.)

Abdilnour alleges that Idaho Blue Cross improperly outsourced the reimbursement rate determination to North Dakota Blue Cross. (*Id.* at ¶¶ 28–30.)

## II. Procedural Background

Abdilnour internally appealed the processing and payment of the air transport claims, and Idaho Blue Cross upheld its determination. (*Id.* at ¶ 37; Doc. 44 at ¶ 37.) Abdilnour filed suit in the District of Idaho in October of 2017, (Doc. 1), and the suit was stayed in January of 2019 so that the administrative appeals process could be completed, (Doc. 25). The stay was lifted in March of 2020, (Doc. 27), and the case was reassigned.

After a status conference, Abdilnour filed an amended complaint alleging one claim under ERISA and seeking full reimbursement for the air transports. (Doc. 37 at ¶ 61.) Abdilnour ultimately seeks to compel Idaho Blue Cross to pay $86,740, less any payments made under the Plan; an accounting of all benefits Idaho Blue Cross paid to date, disclosure of protocols regarding those benefits, and all costs and fees associated with pursuing the accounting; disclosure of all documents related to relationship between Idaho Blue Cross and North Dakota Blue Cross regarding the setting of reimbursement rates like those at issue here; and an award of attorneys' fees and costs. (*Id.* at 10.)

During discovery, Abdilnour provided notice to Idaho Blue Cross that he intended to serve a third-party subpoena on North Dakota Blue Cross. (*See* Doc. 45-1, Ex. A.) The subpoena sought production of five categories of documents:

> 1. All contracts, agreements, or correspondence relating to the role of [North Dakota Blue Cross] in the administration of [Abdilnour's] claim for air ambulance transports on April 3, 2015 and May 7, 2015 (the "air ambulance transports");

3

> 2. All documentation explaining the steps that [North Dakota Blue Cross] took to establish the rate of reimbursement used for Mr. Abdilnour's air ambulance transports . . . ;
> 3. All documentation evidencing the authority by which [North Dakota Blue Cross] was operating in setting the reimbursement rate determination for Mr. Abdilnour's air ambulance transports. . . ;
> 4. All documentation concerning the involvement of [North Dakota Blue Cross] in the administration of Mr. Abdilnour's claim for benefits, and the resolution of his administrative appeal by order of remand dated January 30, 2019 and in the decision by Blue Cross of [the Plan] dated February 22, 2019, including, without limitation, all correspondence, electronic mail, documents, drafts, or memoranda regarding Mr. Abdilnour's claims;
> 5. Any agreements establishing a "home plan-host plan" billing arrangement between [North Dakota Blue Cross] and [the Plan].

(*Id.* at 4 (citing Ex. A at 8).)

Abdilnour also sought documents from Idaho Blue Cross related to rate reimbursement determinations:

> 6. The [Idaho Blue Cross] fee schedule or reimbursement policy for air ambulance transports within the State of Idaho and outside the State of Idaho;
> 7. The [Idaho Blue Cross] reimbursement policy for air ambulance transports for the Albertson's employee benefits plan either by individual regions or states, or nationally if one exists;
> 8. Any [Idaho Blue Cross] interpretative documents for the term "Maximum Allowance."

(Doc. 53 at 6.)

Idaho Blue Cross has since moved for a protective order under Federal Rule of Civil Procedure 26(c) for the documents sought from North Dakota Blue Cross on the basis that the subpoena improperly seeks evidence outside the administrative record and no exception to the general prohibition on discovery outside the administrative record is implicated. (Doc. 45.) Abdilnour responds that the Court should review Idaho Blue Cross's benefit determination *de novo*, which would allow the Court to look beyond the

administrative record.  Abdilnour has the better position.

Abdilnour has also filed a motion to compel documents in requests 6–8 from Idaho Blue Cross.  (Doc. 48.)  For the reasons explained below, Abdilnour also has the better position concerning requests 6–8.

## LEGAL STANDARD

Under Rule 26(c)(1), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending."  "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by forbidding certain discovery or otherwise limiting it.  Rule 26(c)(1).  A handful of district courts within the Ninth Circuit have determined "that while a party may lack standing to quash a subpoena served on a nonparty under Rule 45, that party may move for a protective order to restrict the scope of discovery under Rule 26 if it believes its own interests are jeopardized by the nonparty subpoenas."  *S.R.L. v. Full Speed Ahead, Inc.*, 2010 WL 11527270, *1 (W.D. Wa. Jan. 4, 2010) (collecting cases).

Consistent with Federal Rule of Civil Procedure 26(b)(1) and 29 C.F.R. § 2560.503-1(h) and (m)(8), a claimant in an ERISA case is entitled to discovery of all relevant, non-privileged documents considered in an adverse benefits determination.  *See also* 47 C.F.R. § 147.136

# ANALYSIS

## I. Standard of review

The parties agree that the Plan granted Idaho Blue Cross the discretion to administer the Plan and determine payments. (*See* Doc. 45-1 at 2 (citing Doc. 37 at ¶ 6).) Therefore, Idaho Blue Cross is correct that the general rule is that the Court should apply abuse of discretion review and limit that review to the administrative record. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 969–70 (9th Cir. 2006) (en banc). However, the general rule is not absolute. Abdilnour argues both that Idaho Blue Cross had a conflict of interest while evaluating his claim and that Idaho Blue Cross committed significant procedural violations. If Idaho Blue Cross had a conflict of interest while it evaluated Abdilnour's claim, the Court may consider extra-record evidence to "decide the nature, extent, and effect of any conflict of interest on the decision-making process." *Id.* at 970. Similarly, if Idaho Blue Cross exercised its discretion in a way that violated ERISA's procedures, the court may review evidence outside the record so that "the court may, in essence, recreate what the administrative record would have been had the procedure been correct." *Id.* at 973.

## II. Protective order

As a preliminary matter, Abdilnour seems to conflate Idaho Blue Cross's alleged transgressions; according to him, Idaho Blue Cross had a conflict of interest related to his claims, which in turn violated ERISA procedures and deprived Abdilnour of a full and fair review of his claims. (Doc. 46 at 8.) However, under *Abatie*, a conflict is treated

differently from a procedural violation at the actual merits determination stage. *Compare* 458 F.3d at 970 ("[T]he decision on the merits, though, must rest on the administrative record once the conflict (if any) has been established, by extrinsic evidence or otherwise.") *with id.* at 973 ("[T]he court may take additional evidence when the irregularities have prevented full development of the administrative record.. . . [to], in essence, recreate what the administrative record would have been had the procedure been correct.").

That distinction will likely be important later on, but on the present motions all that matters is that the Court may consider evidence outside the administrative record to some degree. Idaho Blue Cross argues that the requested documents cannot be considered via Abdilnour's conflict of interest argument because Idaho Blue Cross did not both fund and administer the Plan. (*See* Doc. 45-1 at 7.) But Abdilnour does not claim that is the nature of the alleged conflict. Rather, Abdilnour claims that the conflict arose because Idaho Blue Cross failed to act as a fiduciary when it coordinated with North Dakota Blue Cross and the Idaho Blue Cross litigation team to deny Abdilnour's request for reimbursement during the review process. (Doc. 46 at 8.) The excerpts of the administrative record include references to North Dakota Blue Cross and a North Dakota district court case in which Blue Cross legal counsel was apparently involved. (*See* Docs. 47-1, 47-2, 47-3.)

Given that the Abdilnour's subpoena request directed at North Dakota Blue Cross asks for documentation related to North Dakota Blue Cross's alleged involvement in

determining the reimbursement rate, and the references in the record plausibly support that belief at this stage, a protective order is not warranted. *Cf. Burke v. Pitney Bowes Inc. Long-Term Disability Plan*, 544 F.3d 1016, 1028 n.15 (9th Cir. 2008) ("Whether to permit discovery into the nature, extent, and effect of the Plan's structural conflict of interest is also a matter within the district court's discretion.") Abdilnour does not allege a structural conflict of interest, but the reasoning from *Burke* is applicable to the sort of fiduciary-administrator conflict of interest Abdilnour alleges.

Further, it is possible that these records could be disclosed and ultimately not used during the review of the merits of Abdilnour's claim, particularly if further discovery demonstrates, as Idaho Blue Cross argues, there was no conflict. Additionally, *Abatie* makes clear that the Court may consider evidence outside the record if it should have been included in the development of the administrative record. *See* 458 F.3d at 973. Under § 1133(2) of ERISA, a claimant must be afforded a "full and fair" review of his claim; this means the claimant is entitled to review of his adverse benefits determination. Here, there is evidence in the record to support an inference that North Dakota Blue Cross was involved in the reimbursement rate determination, (*see* Docs. 47-1, 47-2), which Abdilnour claims was adverse to him. Thus, the documents Abdilnour seeks related to North Dakota Blue Cross likely should have been included in the administrative record and are discoverable.

### III. Motion to Compel

Abdilnour seeks responses to requests 6–8 on the basis that the requested

documents should have been included in the administrative record. (*See* Doc. 48 at 8–9.) As explained above, this is a permissible basis for discovery outside the record. *See Abatie*, 458 at 973; *see also Chacko v. AT&T Umbrella Benefit Plan No. 3*, 2020 WL 2078304, *1 (E.D. Cal. Mar. 16, 2020) (citing *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 263–64 (5th Cir. 2011) with approval). Consequently, the documents requested in categories 6–8 are discoverable.

## IV. Harm to Idaho Blue Cross

Neither party contemplates the spirit of the Rule 26(c), which permits the Court to enter a protective order "for good cause to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Relying on *S.R.L.*, 2010 WL 11527270, at *1, Idaho Blue Cross essentially argues that the "good cause" justifying a protective order is that allowing discovery beyond the record jeopardizes its interests because the Court cannot consider such evidence. (*See* Doc. 45-1 at 5, 8.) However, Idaho Blue Cross does not actually identify any oppression, undue burden, or expense that will come from the disclosure of such information—nor could it, since North Dakota Blue Cross is the entity subject to production, not Idaho Blue Cross. (*See* Doc. 53 at 10–11) (admitting that Idaho Blue Cross does not possess requested documents from categories 1–5 of Abdilnour's request).) And, because such information seems discoverable under *Abatie*, Idaho Blue Cross cannot persuasively argue there is good cause in preserving the administrative record as-is.

Similarly, Idaho Blue Cross does not identify any prejudice it will suffer from the

9

production of requested documents 6–8. Rather, Idaho Blue Cross makes the argument that these items are not discoverable because they are outside the administrative record. However, for the reasons explained above, because certain exceptions to the general prohibition on extra-administrative record evidence are implicated, these documents are discoverable. Further, there is no guarantee these documents will be considered on the merits.

## Conclusion

Although Abdilnour seeks information outside the administrative record, that information is discoverable because it may speak to a conflict of interest or procedural violation on the part of Idaho Blue Cross. Accordingly,

IT IS ORDERED that Idaho Blue Cross's motion for a protective order, (Doc. 45), is DENIED.

IT IS FURTHER ORDERED that Abdilnour's motion to compel, (Doc. 48), is GRANTED. Idaho Blue Cross shall produce documents from categories 6–8 within seven days from the date of this order.

IT IS FURTHER ORDERED that reasonable expenses, including fees, will be awarded to Abdilnour on both motions. Fed. R. Civ. P. 26(c)(3), 37(a)(5). Abdilnour shall file the requested amount with a supporting affidavit on or before June 2, 2021.

DATED this 20th day of May, 2021.

Donald W. Molloy, District Judge
United States District Court